### RICHARDS et al. v. PARKER et al.

No. 21530. Opinion Filed Jan. 19, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

W. H. Kisner and Allen & Jarman, for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission. Briefs on both sides have been filed and have been thoroughly examined. In view of the statements and challenges in the brief of the petitioners,

the record has been thoroughly examined. We are of the opinion that the evidence in the case, excluding that of Dr. Fite, clearly sustains the award, which was in the sum of $318. It further appears that the employers of the claimant recognized the justice of the claim. The claimant was hurt, according to the record, while in their employ in a dangerous occupation, covered by the Workmen's Compensation Law (Comp. Stat. 1921, sec. 7282 et seq., as amended). There was an insurance carrier. There were the reports of the doctors. Apparently, full opportunity was given to the insurance carrier and its attorneys to introduce all available proof.

The claimant was treated by a physician at Cordell, and by one at Tahlequah, and by one at Muskogee. The injury apparently was a strain of some kind in the inguinal region, which resulted in swelling, necessitating two surgical operations, rather serious. Claimant recovered after the last operation as speedily as could be expected. The award was for lost time while disabled. The first treatment was with salve, the second an operation by the physician at Tahlequah, the third by an operation in the Muskogee hospital by a surgeon, assisted by an anaesthetist.

Hearing was had at Tahlequah January 24, 1930, at which claimant was examined by attorneys for both sides, and by the court, on every phase of the case. Claimant spent several weeks in hospitals, one at Tahlequah, one at Muskogee, and was operated on at both places, portions of the glands being removed. The examination was conducted by the attorneys for the employer and carrier, and full latitude was allowed, though at times the cross-examination was rather dogmatic.

Dr. Allison, the Tahlequah physician, was examined and detailed all steps in the first operation. He took out two infected glands. He was thoroughly cross-examined, and in the examination sources of possible infection were, by the attorney for the employer, suggested, from the teeth to the genitals. The report from the Muskogee hospital is negative.

Hearing was had at Muskogee March 14, 1930. At this hearing attorneys appeared for both sides. The attorney for the carrier offered a copy of a deposition, which he claimed was on file, and rested. He was told that if the original was found, it would be considered. It was a deposition by Dr. Davis. The claimant, over objection, was again examined. The employer, Mr. Rich-

ards, was examined, over objection of the attorney, and detailed the notice given of this accident. Later, in the absence of the attorney for petitioners, the testimony of Dr. Fite was taken as to the details of the operation, and his testimony was corroborative of his report. Notice of hearing for April 24, 1930, at Muskogee, evidently sent to the attorneys by mail, appears in the record, but it does not appear in the record before us what became of it. We do not find in the record any motion made by the petitioners, either before the award or afterwards, showing that they desired to take further testimony.

The claimant received an injury from which trouble in his right groin developed, necessitating two operations, one of which was performed by Dr. Allison of Tahlequah, the subsequent one being performed by Dr. Fite of Muskogee. Full testimony of Dr. Allison is in the record. The report of Dr. Fite, who was engaged by the insurance carrier to perform the operation, is also in the record, and a reference is made to some other portion of his report, which is not in the record brought here by petitioners.

Caustic criticism is indulged in with reference to the Commission, but we do not find that it is justified. We think the evidence justifies the award, and that the Commission gave to the petitioners all reasonable opportunity to show all defenses against it. The award is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.